JOHN D. CANNELL ET AL., APPELLANTS, V. JAMES J. ROUSH ET AL., APPELLEES.

FILED MAY 6, 1911. No. 16,401.

1. **Appeal:** REVERSAL. When the plaintiff is entitled to judgment upon the facts established by the evidence without any substantial conflict, a verdict and judgment for defendant will be reversed upon appeal.

2. **Brokers:** ACTION FOR COMMISSIONS: ESTOPPEL. When a broker is duly employed by the owner to assist in exchanging property, and an opportunity is found and exchange made by the joint efforts of the broker and the owner of the property exchanged, the

22

owner will not be permitted to deny that the assistance of the broker was the proximate cause of the desired result.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Reversed.*

*J. T. McCuistion* and *F. N. Prout,* for appellants.

*Heasty, Barnes & Rain,* contra.

SEDGWICK, J.

The defendants exchanged a stock of merchandise at Alexandria, this state, for a farm in Iowa. Afterwards the plaintiffs brought this action to recover commissions for their services as agents in assisting the defendants in making the exchange. The verdict and judgment were in favor of the defendants, and the plaintiffs have appealed.

There is no controversy as to the principal facts. By correspondence the defendants employed the plaintiffs, who are co-partners in business, to find a purchaser to exchange with them a farm for their stock of merchandise. Thereupon the plaintiffs procured a description of the stock of merchandise and advertised the proposition of exchange in a state paper, receiving several propositions, some of which were through one Johnson, a real estate agent at Council Bluffs. The plaintiffs informed the defendants of these propositions, and the defendants then came to Lincoln, where the plaintiffs were doing business, and one of the plaintiffs went with the defendants to investigate one of the properties that had been suggested by the plaintiffs, which is located near Chalco, this state, and then to see another property in Decatur county, Iowa, owned by one Henderson, and after investigating this property the defendant and the said Henderson, after some negotiations, found that they were not able to agree upon the exchange of property, and Mr. Henderson then informed the plaintiffs and the defendants that he had an acquaintance who lived near Tingley, in the state of Iowa, who had a farm that he desired to exchange for a stock of

merchandise, and he thought this farm might suit the plaintiffs. Thereupon, the parties all went to Tingley to see the proposed property for exchange.

Upon their arrival there, they examined the property in company with Mr. Shay, its owner, and propositions of exchange were made between defendant Roush and Mr. Shay. Mr. Roush testifies: "I told him that I couldn't make any permanent deal; that I would see the other partners of the firm before I made any other deal; I didn't know whether I wanted to make a deal or not; I would confer with them." Mr. Roush's partners in the business were his father and his wife. It was then arranged that, if Mr. Roush's report of the Shay property should be satisfactory to the other members of his firm, Mr. Shay or Mr. Henderson would go to Alexandria and look at the defendants' property. With this understanding the parties went to their respective homes, and the plaintiffs heard nothing further about the transaction until some time later they learned that the exchange had actually been made. It is now insisted by the defendants, and this seems to be the view taken by the jury, that the plaintiffs did not "have anything to do with the negotiations between Shay and Roush; that the trade was finally consummated by and between Henderson, Shay and Roush at Alexandria; that the trade was not made as a result of Cannell's exertions and Cannell was not the procuring cause, and it was not through the efforts of Cannell Brothers that the defendants 'got in communication' with Henderson and Shay." As already stated, these plaintiffs were expressly employed by the defendants in writing, through correspondence, to assist the defendants in exchanging their stock of merchandise for other property. When the plaintiffs had found, through their advertising at their own expense, opportunities which seemed favorable to make such exchange, and had notified the defendants of these opportunities, and the defendants went to investigate them, one of the plaintiffs accompanied the defendants, and when they found that the exchanges which they had in view

had failed, they learned, through one of the plaintiff's clients with whom they had hoped to make an exchange, that there might be an opportunity to make this exchange with Mr. Shay. Mr. Roush testified that, when it was found that he could not make the exchange with Mr. Henderson, he said to Mr. Cannell: "The deal is off, and we might as well go home." He now suggests that this had reference to his contract with Mr. Cannell, but this is manifestly not the case. It referred plainly to the deal which they expected to make with Mr. Henderson. There is nothing in the record to indicate that Mr. Cannell's services were no longer desired by Mr. Roush in the attempt to find an opportunity to make a favorable exchange, and they proceeded together to examine the Shay property. There is a little conflict in the evidence upon some minor points, but we have taken it as stated by Mr. Roush, or as clearly shown by uncontradicted evidence.

Do these facts show that Mr. Cannell found a customer with whom the exchange was made, as contemplated in the contract of agency between the defendants and Mr. Cannell? The evidence is uncontradicted that Mr. Cannell took an active part with the defendants in finding Mr. Shay and investigating the property which he proposed to exchange, and that his assistance in this regard was valuable to the defendants. The defendants duly employed the plaintiffs for this service in the beginning; they allowed them to continue their active assistance under their contract of employment; they have availed themselves of these services, and it was too late to repudiate them after the exchange was completed. They were jointly and severally active in bringing about this exchange. Neither party can maintain that he alone accomplished it. Each is estopped to deny that the efforts of the other were the proximate cause of the result. We think that under this evidence the plaintiffs were entitled to the agreed commission as a matter of law.

The judgment of the district court is reversed and the cause remanded.

REVERSED.